By the Court.
This is a proceeding in mandamus instituted in this court.
The relator, a corporation organized under the laws of Ohio, is a company for' supplying water for public and private consumption and is and has been for a number of years established in the village of London.
On or before February 7, 1913, the council of said village by ordinance duly passed fixed and regulated the price for the period of seven and one-half years which relator might charge, collect and receive from said village for maintaining its fire hydrants and furnishing water for fire protection, as well as fixing and regulating the price it might charge to private consumers in said village for water furnished to them. This ordinance provided among other things that the relator might charge and receive from said village for the maintenance and use of one hundred and twenty-two hydrants, *71 and for furnishing water for fire protection, $4,270 per annum, payable in quarterly installments of one-fourth thereof, and for each additional hydrant over one hundred and twenty-two hydrants, which might thereafter be installed, $35 per annum, one-fourth thereof payable at the end of each quarter.
On or about April 12, 1913, the relator accepted the terms of said ordinance and assumed the obligations thereunder. After the acceptance of the terms and provisions of the ordinance, the relator filed with the then public service commission of Ohio a copy of the schedule of its rates and prices as fixed by said ordinance, and no complaint was filed with said commission by said village or any officer or citizen thereof.
On the.....day of September, 1914, the relator presented to the council of said village, at its regular meeting, a bill for its services in maintaining said fire hydrants and furnishing water for fire protection for the quarter of a year, amounting to $1,067.50, which was allowed by the council and the same ordered to be paid, and the clerk of the village thereupon issued his warrant upon the treasurer for said sum of $1,067.50, which warrant, properly endorsed by relator, was presented to defendant, Orville C. Burris, treasurer of said village, for payment, which defendant refused and still refuses to make, although there were at that time and still are sufficient funds in his hands to the credit of the fund upon which said warrant is drawn and not appropriated to any other use or purpose to pay the same.
*72 The relator asks that a peremptory writ be issued by order of this court commanding the defendant to pay said warrant and for such other relief as in justice and equity he may be found entitled.
The respondent filed an answer in which he averred that none of the provisions of the ordL nance of February 7, 1913, was submitted to a vote of the electors of the village of London, it being his contention that the provisions of the ordinance are not binding upon the municipal corporation because the same have not been ratified by a vote of the electors thereof.
Under the provisions of Section 3982, General Code, the council of a municipality in which there is established a company for supplying water for public and private consumption, may regulate from time to time the price such company may charge for water for public or private consumption or for fire protection.
Section 614-44, General Code, authorizes a municipal corporation in which a public utility is established, at any time prescribed by law, to fix by ordinance the price, rate, charge, toll or rental that such public utility may charge, demand, exact or collect therefor for an ensuing period, as provided in Section 3982, General Code.
The council of the village of London was therefore authorized to pass the ordinance of February 7, 1913, subject to the approval or rejection thereof by the qualified electors of the village, in the manner prescribed by Section 4227-2, General Code. The referendum was not invoked by the electors of the village in this case nor was any complaint filed *73 with the public service commission of Ohio under Section 614-44. The relator accepted the rates and prices fixed by the ordinance of the council of the .village, and the referendum not having been invoked and no complaint having been filed with the public service commission, the same became operative and binding.
It appears from the petition that the relator maintained the fire hydrants and furnished water for fire protection to the village of London for the quarter of year under the requirements of said ordinance, and a bill for such services was presented and allowed by council and ordered to be paid. The clerk of the village issued his warrant, and there was and is in the hands of the treasurer of the village sufficient funds to the credit of the fund upon which said warrant is drawn and not appropriated to any other use or purpose to pay the same. The warrant having been properly endorsed and presented by the relator, it was the duty of the defendant to pay the same.

Peremptory writ allowed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.